IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JERRY P. NELSON, JR., )
　)
　　　　Plaintiff, )
　)
　-vs- ) Civil Action No. 15-755
　)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
　)
　　　　Defendant. )

AMBROSE, Senior District Judge

# **OPINION**

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11, 13 and 16). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 10) and denying Defendant's Motion for Summary Judgment. (ECF No. 12).

## **I.　BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") pursuant to the Social Security Act ("Act"). Administrative Law Judge ("ALJ"), Regina Carpenter, held two hearings: One on July 12, 2013 (ECF No. 8-3, pp. 2-21) and one on August 19, 2013. (ECF No. 8-2, pp. 30-79). Plaintiff was unrepresented at both hearings.[1] On December 12, 2013, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 13-24).

---

[1] Plaintiff notes that he was unrepresented at the hearings and, as such, the alleged errors in this case should be viewed in light of the ALJ's heightened duty. (ECF No. 11, p. 4). To be clear, however, Plaintiff is not challenging the validity of his waiver of the right to representation, nor does Plaintiff point to any particular inquiry that the ALJ failed to conduct. (ECF No. 11, pp. 4-5). As a result, the issue is not before me and I decline to engage in such a review.

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 10 and 12). The issues are now ripe for review.

## II.   LEGAL ANALYSIS

### A.   Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not,

whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Residual Functional Capacity ("RFC") [2]

Plaintiff contends that the ALJ erred in "classifying [his] RFC as one for 'light work' while simultaneously limiting him to standing/walking for 2 hours in an 8-hour workday and not performing any pushing/pulling with his upper and lower extremities." (ECF No. 11, pp. 6-8). To that end, Plaintiff submits that the proper classification of Plaintiff's RFC is sedentary when his borderline age is properly considered. (ECF No. 11, pp. 8-14). As a result, Plaintiff argues that remand is necessary. *Id.*

In this case, the ALJ found that Plaintiff has the following RFC:

To perform a range of work activity that: requires no more than a light level of

---

[2] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

3

physical exertion; requires lifting of no more than 10 pounds frequently and up to 50 pounds occasionally; requires standing/walking of no more than 2 hours a day and can sit no more than 6 hours a day; affords the option to change position briefly for 1-2 minutes at least every 30 minutes; requires no pushing or pulling with the upper or lower extremities; requires no crouching, crawling, kneeling, balancing, or climbing stairs, ramps, ladders, ropes or scaffolds; requires no more than occasional stooping; requires no more than frequent use of the hands for handling and fingering' avoids exposure to extreme cold or exposure to extreme heat and cold, wetness and humidity, vibration, and respiratory irritants; and is limited to simple, routine and repetitive instructions and tasks in an environment with no more than moderate background noise, such as you would find in an office, department store, mall, or outdoor setting with no machinery or constant traffic.

(ECF No. 8-2, p. 17). Thereafter, the ALJ recognized that when a plaintiff "cannot perform substantially all of the exertional demands of work at a given level and/or has nonexertional limitations, the medical-vocational rules are used as a framework…." (ECF No. 8-2, p. 23). In such instances, the applicable regulation at issue is SSR 83-12. SSR 83-12 discusses the framework for evaluating exertional limitations within a range of work or between ranges of work, and provides:

> Where an individual exertional RFC does not coincide with the definitions of any one of the ranges of work as defined in sections 404.1567 and 416.967 of the regulations, the occupational base is affected and may or may not represent a significant number of jobs in terms of the rules directing a conclusion as to disability. The adjudicator will consider the extent of any erosion of the occupational base and access its significance. In some instances, the restriction will be so slight that it would clearly have little effect on the occupational base. In cases of considerably greater restriction(s), the occupational base will obviously be affected. In still other instances, the restrictions of the occupational base will be less obvious.
>
> Where the extent of erosion of the occupational base is not clear, the adjudicator will need to consult a vocational resource.

SSR 83-12.

Here, the ALJ acknowledged that Plaintiff's "ability to perform all or substantially all of the requirements of these levels of [light] work has been impeded by additional limitations." (ECF No. 8-2, p. 23). As a result, she specifically sought testimony from a vocational expert ("VE") to determine the extent to which the limitations eroded the "unskilled light and sedentary occupational bases." *Id.;* ECF No. 8-2, 23, pp. 71-76.

4

Plaintiff argues, however, the ALJ failed to address Plaintiff's borderline age situation. (ECF No. 11, pp. 8-14; No. 16, pp. 1-4). Age is a vocational factor to be considered by the ALJ. The regulations provide as follows:

> (d) Person approaching advanced age. If you are closely approaching advanced age (50-54), we will consider that your age, along with a severe impairment and limited work experience, may seriously affect your ability to adjust to other work.

20 C.F.R. § 404.1563. The regulations further provide that in borderline cases, age categories should not be applied mechanically. 20 C.F.R. §404.1563(b). "If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case." *Id.*

Here, Plaintiff was six months shy of his 50th birthday as of the date of the decision. (ECF No. 8-2, p. 22). Additionally, he was already 50 at the time of the Appeals Council denied his request for review. (ECF No. 8-2, pp. 2-7). The ALJ mechanically applied Plaintiff's age at the time of the hearing, without consideration of whether using the older age category would result in a determination or decision that Plaintiff was disabled. *See,* ECF No. 8-2, pp. 13-24. Thus, neither the ALJ, nor the VE, considered such impact on Plaintiff's ability to adjust to other work. I am not saying there will be a shift in the results. Rather, I am saying that the ALJ should not have applied the age categorization in a mechanical manner. Consequently, remand is warranted on this basis. *See, Lucas v. Barnhart,* 184 Fed.App'x 204, 206-08 (3d Cir. 2006); *McElroy v. Comm.'r Of Soc. Sec.,* Civ. No. 15-326, 2015 WL 8784604, at *6-7 (W.D. Pa. December 15, 2015); *Istik v. Astrue,* Civ. No. 07-1468, 2009 WL 382503 (W.D. Pa. Feb. 13, 2009) (Mere mention of a plaintiff's age was not enough to show that ALJ conducted a borderline age analysis when plaintiff was seven month from a higher age category).

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JERRY P. NELSON, JR., )
　)
　　　　Plaintiff, )
　)
　-vs- ) Civil Action No. 15-755
　)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
　)
　　　　Defendant. )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 2nd day of August, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 10) is granted and Defendant's Motion for Summary Judgment (Docket No. 12) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　s/ Donetta W. Ambrose
　　　　　　　　　　　　　　Donetta W. Ambrose
　　　　　　　　　　　　　　United States Senior District Judge